James P. Duffy, Esq. Village Attorney, East Williston
You have asked whether a village has the authority to close off a village street at the boundary line with another village. You have indicated that there is concern among village residents about safety problems that have arisen as a result of use of this street as a short cut and due to industrial traffic into the adjoining village.
Regulation and control of streets and highway traffic is a matter of State concern and is the exercise of a governmental function exclusively within the power of the State as sovereign, except to the extent that the Legislature delegates such powers to political subdivisions and municipal corporations (People v Grant, 306 N.Y. 258, 260 [1954]). The provisions of the Vehicle and Traffic Law are applicable and uniform throughout the State (Vehicle and Traffic Law, § 1600). Local governments are prohibited from enacting or enforcing any local law, ordinance, rule or regulation in conflict with or superseding the Vehicle and Traffic Law unless expressly authorized to do so (ibid.). Section 1604 prohibits, except as authorized by the Vehicle and Traffic Law, any municipality from passing any ordinance, rule or regulation excluding a motor vehicle operator from the free use of the public highways.
We have found no provision of law authorizing a village to close off a village street. Section 1640 of the Vehicle and Traffic Law authorizes the regulation of streets and highways by villages. A village may, for example, exclude trucks from specified highways; establish truck routes; prohibit, restrict or limit the stopping, standing or parking of vehicles; and adopt such additional reasonable rules and regulations with respect to traffic as local conditions may require (id., § 1640). Thus, while regulation of traffic on village streets is authorized by the Vehicle and Traffic Law, there is no authority for closing off a street.
The State Highway Law includes a procedure for the abandonment of highways (Highway Law, §§ 205, et seq.). Abandonment, however, is authorized only upon a finding that a highway has not been extensively used as defined in the statute. It is clear that the street you have inquired about would not fall within the criteria in the statute.
We conclude that, except as specifically authorized by the Vehicle and Traffic Law, a local government may not interfere with the free use of public highways. There is nothing in State law that authorizes the closing off of a village street as a means of dealing with congestion.